IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 23-cv-02954

NATIONAL LIABILITY & FIRE
INSURANCE COMPANY,

    Plaintiff,

vs.

GALLAGHER RE, INC.

    Defendant.

_____/

**COMPLAINT FOR MONEY DAMAGES**

**COMES NOW** Plaintiff, NATIONAL LIABILITY & FIRE INSURANCE COMPANY ("NATIONAL"), by and through the undersigned counsel files this Complaint for conversion and unjust enrichment against Defendant, GALLAGHER RE, INC. ("GALLAGHER"), and as grounds therefore states as follows:

**DIVERSITY JURISDICTION & VENUE**

1. This is an action for conversion and unjust enrichment brought pursuant to principles of common law.

2. This Court has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the Parties and the damages sought exceed $75,000, excluding costs, interest and attorney's fees.

1

3. NATIONAL, at all times material, is and was a Connecticut corporation engaged in the insurance business with an administrative office and principal place of business located at 1314 Douglas Street, Suite 1400, Omaha, NE 68102-1944.

4. GALLAGHER, at all times material, is and was a New York corporation engaged in the insurance business with an administrative office and principal place of business located at 10 S Riverside Plaza STE 1800, Chicago, IL 60606.

5. NATIONAL seeks damages that exceed the sum or value of $75,000, exclusive of interest and costs, which satisfies the amount in controversy requirement, pursuant to 28 U.S.C. § 1332(a).

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events or omissions giving rise to the claim occurred, including the location for payment of sums due as hereinafter revealed, or a substantial part of property that is the subject of the action is situated in Tampa, Hillsborough County, Florida. Specifically, the events that are the subject of this dispute occurred at GALLAGHER's Florida office located at 4350 W. Cypress St., Suite 300, Tampa, Florida 33607

7. All conditions precedent to bringing this action have occurred or have been waived by GALLAGHER.

## GENERAL ALLEGATIONS

8. NATIONAL is a reinsurer that entered into a Property Catastrophe Excess of Loss Reinsurance Contract ("Reinsurance Contract") with Olympus Insurance Company ("Olympus") wherein NATIONAL obligated itself to accept excess liability that may accrue to Olympus under certain insurance policies issued by Olympus in exchange for Olympus' payment of insurance premiums to NATIONAL. *Exhibit A - Reinsurance Contract.*

9. The Reinsurance Contract was supplemented by the Interests and Liabilities Agreement ("Agreement"). *Exhibit B – Agreement.*

10. The Agreement modified certain parts of the Reinsurance Contract, including a change to the dates on which Olympus was required to pay its premiums. Specifically, Olympus was required to make two premium payments in equal installments, one on June 1, 2023, and the second on July 15, 2023.

11. The Reinsurance Contract and Agreement both became effective on June 1, 2023, to remain in force until June 1, 2024, unless terminated prior to that date.

12. In Article XXXVI of the Reinsurance Contract, GALLAGHER was named as the Intermediary that negotiated the Reinsurance Contract and was

3

responsible for transmitting all communications between NATIONAL and Olympus, as well as collecting and disbursing payments between NATIONAL and Olympus. GALLAGHER accepted this appointed role and acted in furtherance of all the obligations set forth in Article XXXVI of the Reinsurance Contract. *See* Exhibit A, pg. 32 of 36.

13. GALLAGHER timely received payment of premiums from Olympus, as required under the terms of the Agreement.

14. Despite having possession of said funds, GALLAGHER failed to timely transmit those premiums and instead wrongfully withheld the funds from NATIONAL and refused to release the funds to NATIONAL, the rightful owner, for a period of ninety (90) days.

15. On information and belief, GALLAGHER directly benefitted from wrongfully withholding the funds from NATIONAL, the rightful owner, by collecting interest and other monetary windfall on said funds for the duration of the ninety (90) days during which GALLAGHER held NATIONAL's funds without cause or justification.

16. NATIONAL contacted GALLAGHER on numerous occasions, demanding that GALLAGHER release the premiums paid by Olympus under the Agreement that GALLAGHER was wrongfully withholding.

17. NATIONAL contacted GALLAGHER both by phone and via email, but its demands were refused or ignored for almost three (3) months.

18. The timeline outlined in the following paragraphs accounts for only the written attempts by NATIONAL to collect its funds from GALLAGHER and does not include the numerous phone calls that were made, all of which fell on deaf ears.

19. On June 6, 2023, NATIONAL contacted GALLAGHER via email, requesting receipt of the June 1, 2023, installment payment.

20. On June 16, 2023, NATIONAL contacted GALLAGHER via email, following up on its request.

21. On June 30, 2023, NATIONAL contacted GALLAGHER via email, expressing its concerns over delays and lack of updates from GALLAGHER as appointed Intermediary.

22. On July 5, 2023, NATIONAL again contacted GALLAGHER via email, advising that GALLAGHER's continued delays and wrongful withholding of significant premium dollars were causing financial loss to NATIONAL.

23. GALLAGHER finally responded on July 5, 2023, admitting that Olympus submitted its first installment payment on June 30, 2023, representing to NATIONAL that the payment would be transmitted to NATIONAL "soon."

24. On July 11, 2023, NATIONAL contacted GALLAGHER via email, again following up on the continued delays with transmittal of the premiums that were the rightful property of NATIONAL.

25. On July 20, 2023, NATIONAL contacted GALLAGHER via email, again requesting the overdue payment of premiums.

26. On August 23, 2023, NATIONAL again contacted GALLAGHER via email, advising that neither of the two installment payments had yet been received to date, and demanding that GALLAGHER address the issue immediately.

27. After the multiple continued requests for payment of the overdue premiums went unanswered, NATIONAL sent GALLAGHER an email on August 28, 2023, issuing its Notice of Cancellation to take effect immediately. *Exhibit C – Notice of Cancellation E-Mail.*

28. Upon receipt of the Notice of Cancellation e-mail, GALLAGHER finally sent the overdue premiums that it had received from Olympus and wrongfully withheld for its own financial windfall, to NATIONAL the next day, on August 29, 2023.

29. On September 1, 2023, NATIONAL issued a demand to GALLAGHER for payment of interest on the overdue payment in the amount of $652,146.07, calculated in accord with the terms and conditions of the Reinsurance

Contract under which GALLAGHER had agreed—and acted--- to serve as Intermediary.

30. Despite having benefitted by a financial windfall to which it was not entitled, for the period of time during which GALLAGHER wrongfully withheld NATIONAL's funds, GALLAGHER has refused to compensate NATIONAL for the interest that NATIONAL has lost as a result of GALLAGHER's unjust conduct.

31. GALLAGHER's wrongful conduct withholding NATIONAL's funds was intentional and designed to generate profits and financially benefit GALLAGHER outside of any remuneration that GALLAGHER was entitled to as the Intermediary, causing direct financial loss to NATIONAL.

32. NATIONAL now seeks to be made whole by being compensated for the financial benefit that was inequitably conferred upon GALLAGHER by its wrongful control of NATIONAL's property consisting of premiums paid by Olympus and GALLAGHER's failure to timely remit those monies in accord with all reasonable industry standards under such Reinsurance contracts and Intermediary custom and practice.

## COUNT I – CONVERSION

33. This is an action brought by NATIONAL against GALLAGHER pursuant to common law for conversion.

34. NATIONAL incorporates and realleges Paragraphs 1-32 above as though fully set forth herein.

35. Pursuant to the terms of the Reinsurance Contract and Agreement, NATIONAL was the rightful owner with an immediate possessory right to the premiums paid by Olympus in two equal installments.

36. In its accepted role as Intermediary under the Reinsurance Contract that GALLAGHER negotiated, GALLAGHER received payment of premiums from Olympus, which were to be paid to NATIONAL immediately upon receipt and time required for clearance if any, on or about June 1, 2023, and July 15, 2023. The two premiums due and ultimately paid were in the sum of $15,446,678.40, each.

37. Without license or justification, GALLAGHER deprived NATIONAL of its property by wrongfully withholding the paid premiums from NATIONAL and refusing to release the funds to the financial detriment of NATIONAL, the rightful owner, for a period of roughly ninety (90) days.

38. NATIONAL repeatedly demanded that GALLAGHER pay the premiums on numerous occasions over a three-month period.

39. GALLAGHER refused to relinquish NATIONAL's property for a period of roughly ninety (90) days, and on information and belief wrongfully usurped ownership interest in said funds, reaping financial windfall by the

8

placement of said property in accounts or investment vehicles designed to benefit GALLAGHER, only.

40. GALLAGHER's continued possession of the premiums from Olympus for a period of roughly ninety (90) days was in direct violation of GALLAGHER's responsibilities as appointed Intermediary, and total ignorance of NATIONAL's unquestionable ownership interest in those funds.

**WHEREFORE**, Plaintiff, NATIONAL LIABILITY & FIRE INSURANCE COMPANY, INC., demands judgment in excess of $75,000 together with recovery of attorney's fees and costs incurred in having to pursue the relief herein, and any other relief deemed warranted, that the Court deems just and proper.

### COUNT II – UNJUST ENRICHMENT

41. This is an action brought by NATIONAL against GALLAGHER pursuant to common law for unjust enrichment.

42. NATIONAL incorporates and realleges Paragraphs 1-32 above as though fully set forth herein.

43. GALLAGHER wrongfully withheld premiums due and owing to NATIONAL and refused to release the funds to NATIONAL, the rightful owner, for a period of roughly ninety (90) days.

44. GALLAGHER directly benefitted from its wrongful refusal to return the paid premiums to NATIONAL by reaping financial windfall without any right

to do so, including collecting interest or other financial benefit on over $30 million in premiums during that time, to which it was not entitled.

45. GALLAGHER had knowledge of the benefit conferred on it.

46. GALLAGHER reaped financial benefit because it exercised unwarranted and direct control on the premiums paid by Olympus in excess of thirty (30) million dollars, resulting in a significant financial windfall to GALLAGHER, and correspondent loss to NATIONAL.

47. GALLAGHER accepted and retained the financial benefit that its wrongful conduct conferred on GALLAGHER, and which was withheld from NATIONAL as the rightful owner of the premiums.

48. GALLAGHER was unjustly enriched at the expense and detriment of NATIONAL.

49. In equity and good conscience, it is unjust to permit GALLAGHER to retain any financial benefits it reaped without cause or justification, from NATIONAL as the just and rightful owner of premiums paid by Olympus through GALLAGHER as Intermediary for benefit of NATIONAL.

**WHEREFORE**, Plaintiff, NATIONAL LIABILITY & FIRE INSURANCE COMPANY, INC., demands judgment in excess of $75,000 together with any and all other relief deemed warranted, including recovery of attorney's fees and costs

incurred in having to bring this action, against Defendant, GALLAGHER RE, INC. and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

NATIONAL LIABILITY & FIRE INSURANCE COMPANY hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 22nd day of December 2023.

                                         Respectfully Submitted,

                                         SEGAL McCAMBRIDGE
                                         SINGER & MAHONEY, LTD.
                                         *Attorneys for Plaintiff*
                                         200 East Las Olas Blvd.
                                         Suite 1820
                                         Fort Lauderdale, FL 33301
                                         Telephone:  954-765-1001
                                         Facsimile:  954-765-1005

                                         By:  **s/ Ilana B. Olman**
                                             ILANA B. OLMAN
                                             Florida Bar No.: 106066
                                             iolman@smsm.com
                                             AGNIESZKA N. RODRIGUEZ
                                             Florida Bar No.: 1010199
                                             arodriguez@smsm.com
                                             ibopleadings@smsm.com
                                             **(*for email service only*)**